UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



\* \* \*

| | | |
|---|---|---|
| MARK HATTUM, | ) | CIV. NO. 12-3031 |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| vs. | ) | |
| | ) | |
| KRAUS-ANDERSON CONSTRUCTION | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

\* \* \*

Plaintiff states:

1.      The United States District Court, District of South Dakota, Southern Division, has

jurisdiction over this civil matter pursuant to 28 U.S.C. § 1332.  The matter in controversy

exceeds the sum or value of $75,000.00, exclusive of interest and costs, and Mark Hattum is a

citizen of South Dakota and Defendant is a Minnesota corporation with its principal place of

business located in Minneapolis, Minnesota.

2.      Mark Hattum at all times material to this action was a resident of Harrold, South

Dakota.

3.      Defendant Kraus-Anderson Construction Company is a corporation principally

located Minneapolis, Minnesota.

4.     Defendant Kraus-Anderson is the general contractor who was awarded a bid of what is believed to be a $36 million school at Stephan, South Dakota on the Crow Creek Sioux Indian Reservation.

5.     After commencement of the project and on August 24, 2010, Defendant had a duty to provide for the continued safe and orderly flow of motorists using South Dakota State Highway 34.

6.     Defendant had the duty to prevent their workers and equipment and their subcontractors work and equipment from posing hazards, presenting dangers to, or obstructing the safe and orderly flow of traffic on South Dakota State Highway 34.

7.     Prior to August 24, 2010, Defendant was aware that semi-trucks and trailers owned by them, their agents, and employees or subcontractors, were hauling materials westbound on South Dakota State Highway 34 and making left-hand turns into an area where a temporary construction road not open to the public was being built.

8.     On August 24, 2010, Defendant had a duty to and was required to provide flaggers where work activity and/or equipment encroached into a lane open to traffic.

9.     On August 24, 2010, equipment owned or employed by Defendant or its subcontractors was operating within the boundaries of the construction project with trucks and trailers westbound on South Dakota State Highway 34 and flaggers were required to be present to warn and stop traffic at times when equipment was on or encroaching South Dakota State Highway 34.

10.     Before and on August 24, 2010, Defendant had the further duty to make sure that adequate and/or signage approved by and consistent with the MUDTC were clearly present on the roadway giving motorists clear, concise warnings as to the specific and actual danger

presented, and where the hazard warned of was located and what speed to travel or actions to take or be prepared to take. Said required signage would be in addition to the flaggers which should have been present when equipment encroached or was present on South Dakota State Highway 34.

11.     The construction zone of the $36 million project awarded to Defendant included its construction entrance and both lanes of and both shoulders of South Dakota State Highway 34 adjacent to the construction entrance.

12.     On August 24, 2010, Plaintiff was westbound on South Dakota State Highway 34 within the boundaries of Defendant's construction project.

13.     On August 24, 2010, Plaintiff was directly behind a truck and trailer and Defendant was aware that trucks were hauling materials westbound within the construction zone on South Dakota State Highway 34 turning left across the south shoulder onto the construction road being built.

14.     Defendant breached all of the above-described duties of care including failure to provide flaggers and signage consistent and required by the MUDTC and signage required prior to intersections and where vehicles were traveling westbound on and exiting off the highway across the left shoulder and onto the construction entrance.

15.     As a result of the individual and collective breaches of duty to Defendant, Plaintiff's vehicle collided with a westbound vehicle driven by an employee of a subcontractor and Plaintiff's vehicle suffered disabling damage and Plaintiff sustained severe injuries.

16.     In addition to requiring flaggers which were not present, Plaintiff is of the opinion that no signs of any kind were posted at the time of the collision and his injuries. However, even the signs currently posted of trucks entering totally misinforms westbound traffic. This sign

shifts westbound motorists attention to the construction entrance and away from the true hazard of trucks in front of them turning left. The construction entrance is clearly visible to westbound motorists where the trucks entering sign is present located. No warning would be required as trucks entering would be obvious to westbound motorists. As such, the present signage concealed the true hazard of trucks turning across the shoulder onto the roadway being built leading to the school.

17.     Plaintiff suffered severe and permanent injuries, including: medical, hospital, and therapeutic treatment and expenses in excess of $900,000, together with permanent injury and disability, loss of earnings, property damage, pain and suffering, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for an award of money damages that will adequately compensate him for his injuries and damages, both past and future, and for pre-judgment and post-judgment interest thereon, and for such other and further relief as the Court may deem just and equitable under the circumstances.

DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this ___13___ day of November, 2012.

OLINGER, LOVALD, MCCAHREN
& REIMERS, P.C.
117 E. Capitol, P.O. Box 66
Pierre, South Dakota 57501-0066
(605) 224-8851

BY: _____
LEA C. "KIT" MCCAHREN
Attorney for Plaintiff